UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CR06-38-RSM |
| v. ) | |
| ) | |
| SUKHVEER SINGH SANDHU, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses Charged:

Count 19 of the Second Superseding Indictment: Smuggling Illegal Aliens in violation of Title 8 U.S.C. §§ 1324 (a)(1)(A)(I) and (a)(1)(A)(v)(II).

Date of Detention Hearing:   February 13, 2007.

On May 25, 2006, the defendant, a citizen of Canada, made his initial appearance. On May 25, 2006, United States Magistrate Judge James P. Donohue released defendant on an appearance bond which included restrictions that the defendant not use, consume, or possess a controlled substance, unless the substance was prescribed to him by a physician, that he submit to drug and alcohol testing, that he comply with drug testing, and that he not commit any federal, state or local crimes while on release. When he met with his pretrial officer, he was advised of the need to report any contact with law enforcement authorities within one business day of the contact.

On August 8, 2006, the defendant pleaded guilty to the offense of smuggling illegal aliens in violation of 8 U.S.C. §§ 1324 (a)(1)(A)(I) and (a)(1)(A)(v)(II). He remained on bond, subject to pretrial supervision. He is scheduled to be sentenced on March 2, 2007, before the Honorable Ricardo S. Martinez.

On December 19, 2006, Pretrial Services filed a Violation Report and a Request for a Summons, alleging that the defendant had violated the terms and conditions of his bond as follows:

1. Sukhveer Singh Sandhu has violated a standard condition of his appearance bond requiring that he not commit a federal, state, or local crime during the period of release, by committing the offense of Possession of a Scheduled Substance for the Purpose of Trafficking on or about December 12, 2006, in British Columbia.

2. Sukhveer Singh Sandhu has violated a standard condition of Pretrial Services supervision, which requires him to report contact with law enforcement within one business day, by failing to report his arrest on December 12, 2006.

The undersigned Magistrate Judge issued a summons for the defendant. On February 6, 2007, the defendant appeared on the alleged bond violations. Denials were entered as to the alleged violations, and an evidentiary hearing was scheduled for February 13, 2007. The defendant was detained pending the outcome of the hearing.

On February 13, 2007, the undersigned Magistrate Judge conducted an evidentiary hearing on the alleged violations. Pretrial Supervision Officer Julie Busic testified as to police reports received from the Delta, British Columbia, Police Department that indicated that on December 12, 2006, the defendant was arrested while he was a passenger in the rear seat of a car, together with two other people. Marijuana, seventeen small packages of cocaine and thirteen small packages of crack cocaine were found in the car. The defendant and the two other individuals in the car were charged with Possession of a Scheduled Substance for the Purpose of Trafficking, a violation of British Columbia law. The trial of all three individuals is

scheduled for March 17, 2007, in British Columbia.

At the evidentiary hearing, the defendant pointed out that there have been no lab tests to confirm that the substances seized were either cocaine or crack cocaine. In addition, although the suspected drugs seized were in the back seat, near the feet of the defendant, no evidence was produced at the hearing, reflecting the defendant's fingerprints or actual possession of the suspected drugs.

In the police report, the two other defendants singled out Mr. Sandhu as the person who was most likely to be the source of the suspected drugs. In addition, although the suspected drugs had not been confirmed to be cocaine or crack cocaine, they bore the appearance of these drugs, and were wrapped in a fashion consistent, in the police officer's experience, with the way that cocaine and crack cocaine are distributed in British Columbia. The defendant did not report this arrest to his pretrial supervision officer until December 18, 2006.

Based on the evidence presented, the undersigned has concluded that the government has established by a preponderance of the evidence that the defendant committed the violations alleged. The evidence produced would not establish violation number one beyond a reasonable doubt standard. The defendant admitted violation number two.

After hearing the evidence, the undersigned also concluded that the defendant should be detained pending sentencing as a risk of flight. The government has not established that he would be a potential danger to the community that could not otherwise be addressed, if released.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)    On May 25, 2006, defendant was released on bond with pretrial supervision and special conditions.

(2)    The defendant violated the conditions of his release.

(3)    The defendant has pleaded guilty to Count 19 in the Superceding Indictment and

is scheduled for sentencing on March 2, 2007.

(4) There appear to be no conditions or combination of conditions other than detention that will reasonably assure the defendant's appearance at future Court hearings.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 15th day of February, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge